UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-21685-CIV-COHN/SELTZER

ADAM WEST,

      Plaintiff,

vs.

AVENTURA LIMOUSINE & TRANSPORTATION
SERVICE, INC., a Florida corporation, et al.,

      Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Aventura Limousine & Transportation Service's Motion to Dismiss [DE 25] ("Motion"). The Court has considered the Motion[1], Plaintiff's Response [DE 26] ("Response"), Aventura Limousine & Transportation Service's Reply [DE 27], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Adam West ("Plaintiff") commenced this action on May 3, 2012. Complaint [DE 1]. The Complaint alleges that the Plaintiff Adam West ("Plaintiff") worked for Defendant Aventura Limousine & Transportation Services, Inc. ("Aventura") as a driver. Id. ¶ 18. Plaintiff alleges that Aventura and its officers, Defendants Scott Tinkler, Neil Goodman, and Ron Sorci (collectively "Defendants") "required Plaintiff to

---

[1] On August 9, 2012, Defendants Scott Tinkler, Neil Goodman, and Ron Sorci filed a Notice of Joinder and Adoption of Defendant Aventura Limousine & Transportation Service's Motion to Dismiss [DE 28].

sign an independent contractor agreement on a take it or leave it basis." Id. ¶ 19. According to the Complaint, "Defendants failed to compensate Plaintiff at a rate of one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week." Id. ¶ 25. Accordingly, Plaintiff seeks unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") § 207. Id. ¶¶ 28-37. Defendants have moved to dismiss the Complaint on the grounds that it fails to state a claim under the FLSA. Plaintiff opposes the Motion.

## II. DISCUSSION

### A. Legal Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

### B. Plaintiff Has Stated a Claim for Unpaid Overtime Compensation Under the FLSA.

Defendants argue that Plaintiff has failed to state a claim for unpaid overtime compensation under the FLSA because "Plaintiff does not allege sufficient facts showing he or his employer was engaged in commerce or in the production of goods for commerce." Motion at 6. Defendants contend that Plaintiff's allegations regarding (1) whether he was engaged in or employed by an enterprise in commerce; (2) whether Defendants participated in commerce; and (3) whether Defendants' revenue exceed $5,000,000 are conclusory, failing to establish either enterprise or individual coverage under the FLSA. Id. at 7-8. In opposition, Plaintiff argues that his allegation regarding Defendants' gross revenue is sufficient at the motion to dismiss stage. Response at 5. Plaintiff also contends that his allegations regarding whether he was engaged in commerce or engaged in the production of goods for commerce are sufficient to state a claim under the FLSA. Id. at 6.

To establish enterprise coverage under the FLSA, a business must have "employees engaged in commerce or in the production of goods for commerce or in the production of goods for commerce, or that [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "at least $500,000 of 'annual gross volume of sales made or business done.'" Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)). For individual FLSA coverage to apply, a plaintiff must show that "he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. Thorne v. All Restoration Servs., Inc., 448 F.3d

3

1264, 1266 (citing 29 U.S.C. § 207(a)(1)).

The Court finds that Plaintiff's allegations regarding both enterprise and individual FLSA coverage are sufficient to survive a motion to dismiss.  In Bedoya v. Aventura Limousine & Transportation Service, a complaint brought by a different plaintiff against Defendants for unpaid overtime compensation under the FLSA, Judge Altonaga recently concluded that where the complaint alleged that the plaintiff "drove Defendants' vehicles to drive Defendants' clients," there were "sufficient factual allegations to establish that as a driver [the plaintiff] Bedoya handled goods 'moved in or produced for commerce.'" Case No. 11-24432-CIV-ALTONAGA/SIMONTON [DE 101] at 6.  Here, the complaint similarly alleges that "Plaintiff only drove Defendants' vehicles to drive Defendants' clients."  Compl. ¶ 22.  Accordingly, the Court finds that this allegation is sufficient to establish that Plaintiff handled goods "moved in or produced for commerce," as required for enterprise coverage and was engaged in commerce, as required for individual coverage.  See 29 U.S.C. § 203(s)(1)(A).[2]

The Court also finds that Plaintiff has sufficiently alleged that Defendants had a

---

[2] Defendants point out that Judge Scola "recently dismissed the Complaint for the same pleadings defects identified in this Motion."  Motion at 5 n.2 (citing Ceant v. Aventura Limousine & Transportation Service Inc., –F. Supp. 2d–, No. 12–20159–Civ, 2012 WL 2428536, at *9 (S.D. Fla. June 27, 2012)).  While it true that Judge Scola recently granted in part a motion to dismiss an FLSA complaint brought against the Defendants, the Court disagrees that Ceant indicates that dismissal is appropriate here. Plaintiff points out in his Response that "[t]he Ceant Complaint differed than the Complaint here . . . in that the Ceant Complaint did not contain the same allegations as found in paragraphs 17-23."  Response at 7 n.2.  Indeed, the Court agrees with Plaintiff that the Complaint in Ceant fails to allege that the plaintiff "drove Defendants' vehicles to drive Defendants' clients."  Compare Compl. ¶ 22 with Ceant, Case No. 12-20159-CIV-SCOLA/BANDSTRA [DE 1].  Accordingly, the Complaint in Ceant lacked an allegation that both the complaints in this case and Bedoya possessed.

minimum of $500,000 in gross sales or business, as required to establish enterprise coverage.  In Ceant v. Aventura Limousine & Transportation Service Inc., another recent FLSA action brought against Defendants, Judge Scola concluded that where the plaintiff alleged that Aventura's gross annual revenues met the $500,000 threshold "on information and belief," this was sufficient to withstand a motion to dismiss.  2012 WL 2428536, at *4 ("Plainly, Ceant need not know for certain, nor prove, that Aventura Limousine has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his.").  Similarly here, Plaintiff's allegation "upon information and belief" that "the annual gross revenue of Defendants was in excess of $5,000,00.00 per annum," is sufficient at this stage of the proceedings to establish enterprise coverage.  See Compl. ¶ 13; see also Dobbins v. Scriptfleet, Inc., No. 8:11–cv–1923–T–24–AEP, 2012 WL 601145, at *2 (M.D. Fla. Feb.23, 2012) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts v. Caballero & Castellanos, PL, No. 09–23131–CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal); Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., No. 8:07-cv-2359-T-23TGW, 2008 WL 793660, at *2 (M.D.Fla. Mar. 24, 2008) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [ ] such information") (citation omitted).

III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Aventura Limousine & Transportation Service's Motion to Dismiss [DE 25] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of August, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.